CRAWLEY, Presiding Judge,
dissenting.
The majority dismisses the appeal from the juvenile court’s March 7, 2005, judgment on the basis that the parents lacked standing to appeal from the juvenile court’s March 7, 2005, judgment because that judgment merely altered the disposition of the child after the parents’ rights had already been terminated by the January 7, 2005, judgment. I disagree.
Although the January 7, 2005, judgment purported to terminate the parents’ parental rights, it fell short of accomplishing that result because, by its own explicit *486 finding, the juvenile court determined that the child’s aunt was “a potential relative resource and ... [the Department of Human Resources] unreasonably rejected her as such.”
When the State is the petitioner in termination proceedings, the trial court must apply a two-pronged test in deciding whether to terminate parental rights. First, the court must find from clear and convincing evidence that there are grounds for the termination of parental rights, including, but not limited to, the grounds set out in § 26-18-7; second, the court must determine whether all viable alternatives to the termination of parental rights have been considered. Ex parte Beasley, 564 So.2d 950, 954-55 (Ala.1990); D.M.P. v. State Dep’t of Human Res., 871 So.2d 77 (Ala.Civ.App.2003). The January 7, 2005, judgment not only failed to consider and reject the child’s aunt as a relative resource, it specifically initiated a “trial placement of the child with [the aunt].” Thus, the judgment failed, as a matter of law, to satisfy the two-pronged test for termination of parental rights established in Beasley.
The juvenile court’s March 7, 2005, judgment finally terminated the parents’ parental rights when it determined
“that all viable alternatives to the termination of the parental rights of each parent, including placement with all potential relatives, "have been considered by [the Department of Human Resources] and reasonably rejected.”
(Emphasis in original.) The parents’ appeal from that judgment is due to be affirmed on the merits. The parents’ appeal from the January 7, 2005, judgment is due to be dismissed as moot.